**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

NIQUAN WALLACE
            *Plaintiff*,

-against-

                                                Case No. 21-cv-05757-LJL

CRAB HOUSE INC.
            d/b/a Crab House;
SAN-YIU CHENG
            a/k/a San Yiu Cheng
            a/k/a Sanyiu Cheng
CALVIN CHENG
SAN-CHONG CHENG
            a/k/a San Chong Cheng
            a/k/a Sanchong Cheng, and
EN ZHENG

            *Defendants*,

_____X


### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE


                              _____/s/Hui Chen_____
                              HUI CHEN, ESQ
                              *Attorney for Defendant(s)*
                              136-20 38th Ave., Suite 9E
                              Flushing, NY 11354
                              Email: hui.chen@alum.cardozo.yu.edu

i

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ....................................................................................... iii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACT .............................................................................................. 1

ARGUMENTS............................................................................................................... 1

    I. LEGAL STANDARD........................................................................................... 1

    II. SUCCESSOR LIABILITY FAILS UNDER THE TRADITIONAL TEST

        FOR CORPORATE DEFENDANT CRAB HOUSE INC .......................... 2

    III. SUCCESSOR LIABILITY FAILS UNDER THE SUBSTANTIAL

        CONTINUITY TEST FOR CORPORATE DEFENDANT CRAB

        HOUSE INC ................................................................................................. 3

    IV.  DISMISSAL IS APPROPRIATE AS THERE IS A SIMILAR PENDING

        CASE TO AVOID WASTING JUDICIAL RESOURCES.......................... 6

    V. DISMISSAL IS APPROPRIATE AS PLAINTIFF HAS FAILED TO

        ALLEGE LIABILITY OR EMPLOYER STATUS OF INDIVIDUAL

        DEFENDANTS ............................................................................................ 7

CONCLUSION ............................................................................................................. 8

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................... 2, 4, 7

*Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007). ...................................................... 1, 2, 8

*In re NYSE Specialist Sec. Litig.*, 503 F.3d 89 (2d Cir. 2007) ............................................ 2

*New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006) ........................ 2, 3

*Papasan v. Allain*, 478 U.S. 265 (1986) ........................................................................... 2

*Xue Ming Wang v. Abumi Sushi Inc.*, 262 F. Supp. 3d 81, 89 (S.D.N.Y. 2017)............. 4, 6

**STATUTES**

Fair Labor Standards Act ("FLSA") .................................................................................. 1

New York Labor Law ("NYLL") ...................................................................................... 1

**FEDERAL RULES OF CIVIL PROCEDURE**

Federal Rule of Civil Procedure 8(a)(2) .......................................................................... 1

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 1

## PRELIMINARY STATEMENT

Plaintiff Niquan Wallace filed a federal action on June 21, 2021, in the United States District Court for the Southern District of New York, against defendants CRAB HOUSE INC., SAN-YIU CHENG, CALVIN CHENG, SAN-CHONG CHENG, EN ZHENG, alleging various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendants, by and through their attorney, Hui Chen & Associates, PLLC, respectfully submits this Memorandum of Law in Support of her Motion to Dismiss the Complaint (the "Complaint") of Plaintiff Niquan Wallace, ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).

## STATEMENT OF FACT

Plaintiff Niquan Wallace has never worked for Crab House Inc. Plaintiff admits that Crab House Inc is located at 135 East 55th Street, New York, NY 10022. *Compl*. ¶ 10. Plaintiff also admits that he worked as a server at 95.25 Queens Blvd, Queens, NY 11374. *Id*. ¶ 9. As such, Plaintiff is dependent on the theory of successor liability in making the claims in the complaint against Defendants.

## ARGUMENTS

### I. LEGAL STANDARD

Pursuant to Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." See, Fed. R. Civ. P. 12(b)(6). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Atl.*

*Corp v. Twombly*, 550 U.S. at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. Although a "court must accept as true all of the allegations contained in a complaint," it is "inapplicable to legal conclusion." *Iqbal*, 556 U.S. at 678.

"A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of further factual enhancement" *Id*. quoting *Twombly* 550 U.S. at 555, 557. Therefore, the Court "need not accord legal conclusion, deductions or opinions couched as factual allegation . . . a presumption of truthfulness." *In re NYSE Specialist Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). On a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555; citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Unless plaintiffs' allegations have "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 569.

## II. SUCCESSOR LIABILITY FAILS UNDER THE TRADITIONAL TEST FOR CORPORATE DEFENDANT CRAB HOUSE INC

Plaintiff alleges that Corporate Defendant Crab House Inc is a successor to Non-Defendant Lobster House Seafood Buffet Restaurant ("Lobster House"). *Compl.* ¶¶ 25-29. Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities. *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006). Both New York law and traditional common law, however, recognize certain exceptions to this rule. [A] buyer of a corporation's assets will be liable as its

successor if: "(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *Id*.

Without having to analyze whether the Corporate Defendant Crab House Inc falls under one of the exceptions, it is obvious that Crab House Inc does not have successor liability under the traditional test as Crab house Inc has not purchased any of Lobster House's assets, nor does Plaintiff allege so in his Complaint. As Plaintiff has failed to establish successor liability under the traditional test, his claims against Corporate Defendant Crab House should be dismissed.

### III. SUCCESSOR LIABILITY FAILS UNDER THE SUBSTANTIAL CONTINUITY TEST FOR CORPORATE DEFENDANT CRAB HOUSE INC

Courts applying substantial continuity generally cite a set of nine factors enunciated by the Sixth Circuit in the Title VII context:

(1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of

production; and (9) whether he produces the same product. *Xue Ming Wang v. Abumi Sushi Inc.*, 262 F. Supp. 3d 81, 89 (S.D.N.Y. 2017)

For the first factor, whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor. Firstly, Crab House has not acquired the business nor the assets of Lobster House. Plaintiff has made no allegations that Crab House acquired any assets of Lobster House. Although denied by Defendants, the allegations in the Complaint will be the basis of this motion to dismiss as "court must accept as true all of the allegations contained in a complaint." *Iqbal*, 556 U.S. at 678. The only "acquisition" as alleged by Plaintiff was the transfer of employees from Lobster House to Crab House at the time of Lobster House's closure. *Compl.* ¶ 27.

For the second factor, the ability of the predecessor to provide relief. Plaintiff has made no allegations of the predecessor, Lobster House, of being unable to provide relief. In fact, Plaintiff is currently in a lawsuit in the Eastern District of New York with the docket number 1:19-cv-03780-ENV-VMS as Plaintiff with the exact same claims of various violations of FLSA and NYLL against the predecessor, Red Panda Asian Bistro Inc., or more commonly known as Lobster House.

For the third factor, whether there has been a substantial continuity of business operations. Plaintiff admitted that the 'predecessor' Lobster House and the 'successor' Crab House actually operated "concurrently". *Compl.* ¶ 28. As implied, Crab House was in existence and in business before Lobster House closed, and thus Crab House cannot be a continuity of Lobster House.

For the fourth factor, whether the new employer uses the same plant. Plaintiff has admitted that the 'predecessor' is located at 95-25 Queens, Blvd, Store 5, Rego Park, NY 11374 while the 'successor' is located at 135 East 55th Street New York, NY 10022. *Id.* at ¶ 25. Thus, Plaintiff has conceded that they are not in the same location nor uses the same facilities.

For the fifth factor, whether [the new employer] uses the same or substantially the same work force. Although Plaintiff claims that at the time of Lobster House's closure, all of the employees from the Lobster House Seafood Restaurant Buffet Restaurant were transferred to Crab House, this is implausible. *Id.* at ¶ 27. Plaintiff admitted that Crab House and Lobster House operated "concurrently", meaning Crab House had to already have its own employees at its location, since both were operating concurrently and not one at a time. *Id.* at ¶ 27. Thus it is implausible that on top of its own employees already working for Crab House, Crab House went and retained all of the employees that were dismissed from Lobster House at the time of Lobster House's closure. It is implausible that a fully functional restaurant can absorb all of the employees of another fully functional restaurant without have simply too many hands on deck, nor is it a reasonable decision for any business owner to make. Thus, Crab House simply cannot be using the same or substantially the same work force as Lobster House.

For the sixth factor, whether he uses the same or substantially the same supervisory personnel. Although denied by Defendants, Defendants acknowledge that Plaintiff alleged in his Complaint that there is common management of the two businesses by the individuals San Kit Cheng, San Yiu Cheng, and Sam Chong Cheng. *Id.* at ¶ 28.

For the seventh factor, whether the same jobs exist under substantially the same working conditions. Plaintiff has failed to allege the existence of any such similar jobs between the

predecessor or the successor nor given any description of any similar working conditions other than alleging common management by the individuals San Kit Cheng, San Yiu Cheng, and Sam Chong Cheng, two of which are defendants in this case. *Id.* at ¶ 28.

For the eighth factor, whether [the new employer] uses the same machinery, equipment, and methods of production. Plaintiff has failed to make any allegations that any machinery, equipment, or methods of production are the same between the two restaurants.

For the ninth factor, whether [the new employer] produces the same product. Plaintiff has failed to make any allegations that the predecessor and the successor produces the same products, and have not introduced any evidence to the same. As predecessor and successor are restaurants, it is obvious that both are in the food service industry. However, the menu and the food provided by different restaurants are often the main difference between each.

In analyzing the nine factors, the first two factors of notice and the ability of the predecessor to provide relief to the plaintiff are critical factors. *Xue Ming Wang v. Abumi Sushi Inc.*, 262 F. Supp. 3d 81, 90 (S.D.N.Y. 2017). A thorough analyzation of the nine factors for the substantial continuity test clearly indicates that Crab House cannot be held liable under successor liability. As Plaintiff has failed to establish successor liability under the substantial continuity test, his claims against Corporate Defendant Crab House should be dismissed.

## IV. DISMISSAL IS APPROPRIATE AS THERE IS A SIMILAR PENDING CASE TO AVOID WASTING JUDICIAL RESOURCES

Plaintiff is currently in a lawsuit in the Eastern District of New York captioned *Karaisaridis v. Red Panda Asian Bistro Inc. et al* 1:19-cv-03780-ENV-VMS as Plaintiff with the

exact same claims of various violations of FLSA and NYLL against the predecessor, Red Panda Asian Bistro Inc., or more commonly known as Lobster House. The referenced case is substantially similar, as well as more comprehensive.

In allowing this case to stand, not only is there a waste of judicial resources on duplicative proceedings, it would also create issues with collateral estoppel and *res judicata*, as inconsistent results would be yielded if Plaintiff prevailed in one action but not the other. There is the risk of permitting Plaintiff to be unjustly enriched by receiving duplicative recovery for the same injuries or losses arising from the same conduct or wrongs. As the claims alleged by Plaintiff in this instant case is identical to the referenced case of *Karaisaridis v. Red Panda Asian Bistro Inc. et al*, Plaintiff may receive duplicative recovery for the same alleged conducts, since Plaintiff's claim against Corporate Defendant Crab House is solely based on the theory of successor liability.

## V. DISMISSAL IS APPROPRIATE AS PLAINTIFF HAS FAILED TO SUFFICIENTLY ALLEGE LIABILITY OR EMPLOYER STATUS OF INDIVIDUAL DEFENDANTS.

Plaintiff labels each and every single one of the individuals San Yiu Cheng, Calvin Cheng, San Chong Cheng, and En Zheng as active, day-to-day managers with: (1) the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records. *Compl*. ¶¶ 16-24. Plaintiff also stated that each and every single one of the individual defendants "acted intentionally and maliciously and is an employer". *Id*. However, "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of further factual enhancement" *Iqbal*, 556 U.S. at 678.

In order to survive a motion to dismiss, Plaintiff formulaically added the bare minimum "factual enhancement", that each and every single individual defendants, San Yiu Cheng, Calvin Cheng, San Chong Cheng, and En Zheng, are all "liquor license principals" for both Red Panda Asian Bistro Inc and Crab House Inc. *Compl.* ¶¶ 17, 19, 21, 23. Unless plaintiffs' allegations have "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 569. It is implausible that a restaurant would need four individuals to act as "liquor license principals", and doubt must be cast on a Plaintiff that seems to be merely adding the label of "employer" or "manager" to every individual whose name he can find or remember.

As Plaintiff has failed to sufficiently allege the Individual Defendants are "employers" or "managers" with liability, the Plaintiff's claims against the Individual Defendants must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that Plaintiff's Complaint be dismissed in its entirety and grant such other and further relief as the Court deems just and proper.

        /s/Hui Chen
HUI CHEN, ESQ
*Attorney for Defendant(s)*
136-20 38th Ave., Suite 9E
Flushing, NY 11354
Email: hui.chen@alum.cardozo.yu.edu
