UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIQUAN WALLACE, *on his own behalf and on behalf of others similarly situated*,

                                        Plaintiff,

                        -v.-

CRAB HOUSE, INC., *d/b/a Crab House*; SAN-YIU CHENG, *a/k/a San Yiu Cheng a/k/a Sanyiu Cheng*; CALVIN CHENG; SAN-CHONG CHENG, *a/k/a San Chong Cheng, a/k/a Sanchong Cheng*; and EN ZHENG,

                                        Defendants.

---

21 Civ. 5381 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Niquan Wallace worked as a server at Lobster House Seafood Buffet Restaurant ("Lobster House") in Queens, New York, between May and December 2019. In August 2019, Plaintiff joined a wage-and-hour lawsuit brought by another Lobster House employee against the restaurant in the United States District Court for the Eastern District of New York (the "EDNY Action").[1] Following Lobster House's closure in 2021, Plaintiff filed the present case against Crab House, Inc. ("Crab House"), San-Yiu Cheng, Calvin Cheng, San-Chong Cheng, and En Zheng (together, the "Individual Defendants," and with Crab House, "Defendants"), alleging that Defendants are liable as successors to Lobster House for many of the same wage-and-hour violations for which Plaintiff seeks to recover in the EDNY Action. Defendants have moved to

---

[1]     *See Karaisaridis* v. *Red Panda Asian Bistro Inc. et al.*, No. 19 Civ. 3780 (ENV) (VMS) (E.D.N.Y., filed June 28, 2019). All citations to the record in the EDNY Action use the convention "EDNY Dkt. []."

dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).[2]  For the reasons that follow, the Court denies Defendants' motion without prejudice and stays the case pending resolution of the EDNY Action.

**BACKGROUND**[3]

**A.    The EDNY Action**

The EDNY Action was initiated by Kasey Karaisaridis on June 28, 2019. (EDNY Dkt. #1).  Plaintiff joined as a plaintiff in the EDNY Action on August 13, 2019 (EDNY Dkt. #10), and was listed as a named plaintiff on the amended complaint filed on November 30, 2020 (EDNY Dkt. #42 ("EDNY AC")).

In the EDNY Action, Karaisaridis and Plaintiff (together, the "EDNY Plaintiffs") allege that they worked as servers at Lobster House in 2019. Karaisaridis alleges that she worked at the restaurant from February 2019 to May 31, 2019 (EDNY AC ¶ 24), and Plaintiff alleges that he worked from May 27, 2019, to December 21, 2019 (*id.* at ¶ 25).  The EDNY Plaintiffs bring

---

[2]    Because Defendants have already filed an answer to the complaint in this case (Dkt. #13), the Court construes their motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  *See Patel* v. *Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("We now accept the overwhelming weight of authority that a motion to dismiss for failure to state a claim ... that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." (internal citations omitted)).  The legal standards applicable to the two types of motions are the same.  *See Lively* v. *WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021).

[3]    The facts of this Opinion are drawn from the well-pleaded allegations of the Complaint. ("Compl." (Dkt. #1)).  *See Lively*, 6 F.4th at 306 (describing the documents that may be properly considered on a motion for judgment on the pleadings).  The Court also takes judicial notice of the complaint and other filings made in the EDNY Action.  *See White Plains Hous. Auth.* v. *Getty Props. Corp.*, No. 13 Civ. 6282 (NSR), 2014 WL 7183991, at *2 (S.D.N.Y. Dec. 16, 2014) (explaining that "[c]ourts in this circuit routinely take judicial notice of complaints and other publicly filed documents").

For ease of reference, the Court refers to Defendants' opening brief as "Def. Br." (Dkt. #19); to Plaintiff's opposition brief as "Pl. Opp." (Dkt. #20); and to Defendants' reply brief as "Def. Reply" (Dkt. #21).

2

claims for violations of the minimum wage, overtime, spread-of-hours, notice, and wage statement provisions of the New York Labor Law (the "NYLL"), N.Y. Lab. Law §§ 190, 195, 650.  (*See generally id.*).  The EDNY Plaintiffs also bring claims for unlawfully retained gratuities and retaliation under the NYLL and the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 203, 215.  (*Id.*).

The EDNY Plaintiffs assert their claims against Lobster House, San Kit Cheng, and Mengxing Wang.  (EDNY AC).  According to the EDNY Plaintiffs, Lobster House is a business corporation organized under New York law and located in Rego Park, Queens County, New York.  (*Id.* at ¶¶ 12, 18).  Cheng and Wang, meanwhile, are Lobster House's alleged owners, "sharing management responsibilities and duties, just as they do … for their other restaurant, Crab House on 135 E. 55th Street, New York, New York."  (*Id.* at ¶ 21).

The EDNY Action has progressed significantly since it was filed nearly three years ago.  Most recently, following more than two years of discovery, Magistrate Judge Vera M. Scanlon referred the parties, with the sole exception of Plaintiff, to mediation with the Court-annexed mediation program.  (*See* EDNY Minute Entry for June 8, 2022).  Explaining that exception, Judge Scanlon observed that "Plaintiff Wallace and Defendants' counsel agree that mediation among these parties is unlikely to be successful at this time," citing this and other cases that Plaintiff has filed against Lobster House and Crab House.  (*Id.*).  The mediating parties are scheduled to conclude mediation by July 22, 2022.  (*Id.*).

**B.      The Instant Case**

Plaintiff initiated this case with the filing of the Complaint on June 17,
2021.  (Dkt. #1).  As in the EDNY Action, Plaintiff alleges that Crab House is a
business corporation organized under the laws of New York with a principal
place of business at 135 East 55th Street, New York, New York.  (Compl. ¶ 10).
Plaintiff further alleges that the Individual Defendants are the officers,
directors, managers, majority shareholders, or owners of Crab House.  (*Id.* at
¶ 16).

Although Plaintiff alleges that he worked solely for Lobster House, he
asserts claims in this case against Crab House and the Individual Defendants
on the theory that Crab House is Lobster House's successor.  (Compl. ¶¶ 25-
31).  According to Plaintiff, Lobster House was succeeded by Crab House after
it closed in April 2021 due to the ongoing COVID-19 pandemic.  (*Id.* at ¶¶ 26-
31).  Plaintiff alleges that both Lobster House and Crab House were owned and
managed by three of the Individual Defendants (San kit Cheng, San-Yiu Cheng,
and San-Chong Cheng).  (*Id.* at ¶ 28).  Plaintiff further alleges that upon
Lobster House's shuttering, its employees were transferred to Crab House and
its website was updated to redirect customers to Crab House, listing it as
Lobster House's "new location."  (*Id.* at ¶¶ 27, 29).  Plaintiff does not, however,
allege that he was transferred to, or worked for, Crab House at any point.

Based on his theory of successor liability, Plaintiff alleges that
Defendants are liable for the wage-and-hour violations that he experienced
while working at Lobster House.  (Compl. ¶¶ 25-31).  Specifically, Plaintiff

4

brings claims for violations of the minimum-wage, overtime, spread-of-hours, notice, wage-statement, recordkeeping, and meal-period provisions of the FLSA and NYLL. (*Id.*). In contrast with the EDNY Action, Plaintiff does not bring claims in this case for unlawfully retained gratuities or retaliation.

Defendants filed an answer to the Complaint on August 6, 2021. (Dkt. #13). Following the parties' unsuccessful attempt at mediation, the Court held an initial pretrial conference at which it set a briefing schedule for Defendants' anticipated motion for judgment on the pleadings. (*See* Minute Entry for December 1, 2021). Defendants filed their motion and supporting memorandum of law on January 14, 2022 (Dkt. #18-19); Plaintiff filed his opposition brief on February 11, 2022 (Dkt. #20); and Defendants filed a reply brief in further support of their motion on February 23, 2022 (Dkt. #21).

## DISCUSSION

Defendants advance several arguments in support of their motion, including that Plaintiff has not adequately alleged either that Crab House is a successor to Lobster House or that the Individual Defendants are "employers" within the meaning of the FLSA or NYLL. (Def. Br. 2-8). The Court declines to reach these arguments at this time, however, because it agrees with Defendants' additional argument that permitting this case to proceed during the pendency of the EDNY Action will "waste ... judicial resources" and "create issues with collateral estoppel and *res judicata*[.]" (*Id.* at 7). While Defendants contend that these considerations warrant dismissal of this case, the Court

finds that staying the case until Plaintiff's claims against Lobster House in the EDNY Action have been resolved is the more appropriate course of action.

Where one federal lawsuit is duplicative of another, it is within the district court's authority to stay or dismiss the later-filed suit "[a]s part of its general power to administer its docket[.]" *Curtis* v. *Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The exercise of this authority promotes judicial economy and protects parties from "the vexation of concurrent litigation over the same subject matter." *Id.* (quoting *Adam* v. *Jacobs,* 950 F.2d 89, 93 (2d Cir. 1991)); *see also Katz* v. *Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases." (internal quotation marks omitted)).

Here, Plaintiff's claims against Crab House implicate the precise issues that have previously been raised, and that will soon be decided, in the EDNY Action. Plaintiff does not allege that Crab House itself violated his rights under the FLSA or NYLL. Indeed, Plaintiff does not allege that he ever worked at Crab House. (*See* Compl. ¶ 9). Rather, Plaintiff seeks to hold Crab House liable for the alleged FLSA and NYLL violations that he experienced while working at Lobster House, based on his contention that Crab House is the successor to Lobster House. (*See id.* at ¶¶ 25-31 (alleging that Crab House is the successor of Lobster House); *see also* Pl. Opp. 4 (arguing that "Plaintiff has successfully shown that Defendants are successors to [Lobster House], which Plaintiff worked for")). In other words, Crab House's liability in this case, on Plaintiff's

6

own allegations, is conditioned upon Lobster House's liability. If Lobster House is not liable, then Crab House cannot be liable. *See Alvarez* v. *40 Mulberry Rest., Inc.*, No. 11 Civ. 9107 (PAE), 2012 WL 4639154, at *3-4 (S.D.N.Y. Oct. 3, 2012) (explaining that under a successor theory of liability, the critical question is whether the predecessor is liable). And whether Lobster House is liable for violating Plaintiff's rights under the FLSA and NYLL is the primary issue presented in the EDNY Action, which itself is in a far more advanced procedural posture than the present case. Under these circumstances, permitting this case to move forward at this time would both be inefficient and create the risk of inconsistent judgments with respect to Lobster House's liability. The parties would be required to conduct discovery into Plaintiff's employment at Lobster House for the second time, and the Court would potentially be called upon to determine whether Lobster House is liable for many of the same alleged violations of the FLSA and NYLL that the court in the EDNY Action is poised to resolve in the near future.

Ordinarily, Plaintiff's attempt to litigate Lobster House's liability in two different federal forums would counsel in favor of dismissing this case. *See Curtis,* 226 F.3d at 138-39 (explaining that when a court is presented with a duplicative action, "simple dismissal of the second suit is [a] common disposition"). In this case, however, the Court finds that dismissal is inappropriate for two reasons. *First*, Plaintiff is pursuing claims against both Crab House *and* the Individual Defendants in this case. Because none of the Individual Defendants is named in the EDNY Action, this is not a case in which

7

Plaintiff is pursuing identical claims in two separate, ongoing cases.  *Cf.*

*Jemmott* v. *Metro. Transit Auth.*, No. 13 Civ. 2665 (MKB), 2014 WL 2120357, at

*2 (E.D.N.Y. May 21, 2014) (dismissing a later-filed case that alleged

substantially the same claims against the same defendant as an earlier action).

     *Second*, the record in the EDNY Action suggests that Plaintiff has been

unable to pursue claims against or discovery into Crab House or the Individual

Defendants in that case.  For instance, on January 19, 2022, the court

addressed a discovery dispute that arose during a deposition regarding "a line

of question into the owners and operations of another restaurant that is not a

party in this case."  (*See* EDNY Minute Entry for January 19, 2022).  Observing

that "[t]he second restaurant appears to stand on separate allegations," the

court ruled that "Plaintiff's counsel cannot pursue this line of questioning."

(*Id.*).  While it is unclear whether Plaintiff has sought to amend the complaint

or otherwise bring Crab House or the Individual Defendants into the EDNY

Action, the record suggests that Plaintiff has not been permitted to fully air his

claims against these Defendants in that case.  Accordingly, the Court declines

to dismiss this case and deprive Plaintiff of the possibility of pursuing his

claims against Defendants at a later date.  *See Sarikaputar* v. *Veratip Corp.*,

No. 19 Civ. 11168 (ALC), 2021 WL 3914064 at *4 n.7 (S.D.N.Y. Aug. 31, 2021)

(denying motion to dismiss on basis of claim-splitting where plaintiff was

prevented from adding additional defendants to existing complaint).

     Rather than dismiss this case, the Court will stay it until Lobster House's

liability has been determined in the EDNY Action.  At that time, the parties

may return to this Court to address any remaining outstanding issues presented here.  The Court anticipates that any findings made in the EDNY Action will narrow and refine the parties' dispute before this Court, allowing for the more efficient resolution of the claims raised in this case.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss without prejudice.  Additionally, the Court STAYS this case pending resolution of Lobster House's liability in the EDNY Action.

The parties are hereby ORDERED to file a joint status letter within 14 days of a determination of Lobster House's liability in the EDNY Action proposing the next steps in this case.

The Clerk of Court is directed to terminate the motion at docket entry 18. The Clerk of Court is further directed to STAY this case pending further order of the Court.

SO ORDERED.

Dated:    June 21, 2022
          New York, New York

_____
          KATHERINE POLK FAILLA
          United States District Judge

9